UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LEE LEMERAND,

                Plaintiff,                        Case No. 1:18-CV-345

v.                                         HON. GORDON J. QUIST

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

                Defendant.
_____/

## CASE MANAGEMENT ORDER

### IT IS HEREBY ORDERED:

| | |
|---|---|
| Trial Date and Time Before Judge Gordon J. Quist<br>Place:     499 Ford Federal Building, 110 Michigan, NW<br>            Grand Rapids, MI 49503 | TO BE SCHEDULED |
| Jury or Non Jury | JURY |
| Estimated Length of Trial | 2 DAYS |
| Motions to Join Parties or Amend Pleadings | AUGUST 20, 2018 |
| Rule 26(a)(1) Disclosures           Plaintiff:<br>                                   Defendant: | JULY 20, 2018<br>JULY 20, 2018 |
| Disclose Name, Address, Area of Expertise and    Plaintiff:<br>a short summary of expected testimony        Defendant:<br>of Expert Witnesses (Rule 26(a)(2)(A) | AUGUST 29, 2018<br>SEPTEMBER 17, 2018 |
| Disclosure of Expert Reports           Plaintiff:<br>(Rule 26(a)(2)(B))                    Defendant: | AUGUST 29, 2018<br>SEPTEMBER 17, 2018 |
| Voluntary Exchange of Documents | JULY 20, 2018 |
| Completion of Discovery | DECEMBER 28, 2018 |
| Dispositive Motions | JANUARY 28, 2019 |
| Interrogatories will be limited to:<br>(Single Part Questions) | 25 single part questions |

| | |
|---|---|
| Depositions will be limited to:<br>(Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to:<br>(Per Side) | no limit |
| Settlement Conference Before Magistrate Judge Kent | Parties may request |
| Final Pretrial Conference                          Date:<br>Before Judge Gordon J. Quist                    Time: | JUNE 5, 2019<br>2:00 p.m. |
| ADR To Take Place On Or Before: | None at this time |

1.  <u>TRIAL DATE AND SETTING</u>:  This case will be scheduled for trial before the Honorable Gordon J. Quist, 499 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan.  A copy of Judge Quist's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov).

2.  <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>:   All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3.  <u>DISCLOSURES AND EXCHANGES</u>:  Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4.  <u>DISCOVERY</u>:  All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date.  All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery.  All depositions must be completed before the close of discovery.  Interrogatories will be limited as set forth in the table above.  Depositions will be limited as set forth in the table above.  There shall be no deviations from this order without prior approval of the court upon good cause shown.  Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5.  <u>MOTIONS</u>:

   a.  Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3.  They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A).  In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   b.  Dispositive motions shall be filed in accordance with W.D. Mich. LCivR 7.2 by the date set forth in the table above.  If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.   The case manager will notify counsel of the date for oral argument.

   **Pursuant to Administrative Order 07-026, one courtesy copy of all dispositive motion papers (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers on paper.  The copy must be hand-delivered or sent via first class mail the same day the document is e-filed.**

    c.      The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6.      <u>ALTERNATIVE DISPUTE RESOLUTION</u>:   No form of ADR will be ordered at this time.

7.      <u>SETTLEMENT CONFERENCE</u>:   The parties are under an ongoing obligation to engage in good faith settlement negotiations.  No settlement conference has been scheduled at this time.

8.      <u>FINAL PRETRIAL CONFERENCE</u>:   A final pretrial conference is scheduled at the date and time set forth above.

9.      <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>:  A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **three (3) business days** prior to the final pretrial conference in the following form:

        A final pretrial conference was held on the ___ day of _____.  Appearing for the parties as counsel were:

           (List the counsel who will attend the pretrial conference.)

      1.      <u>Exhibits</u>: The following exhibits will be offered by the plaintiff and the defendant:

           (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number.  Plaintiff shall use numbers; defendant shall use letters.  Indicate with respect to each exhibit whether and for what reason its admissibility is challenged.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.  Each party shall identify its exhibits on a form similar to Exhibit 1, attached to Judge Quist's Information and Guidelines.  The complete list of exhibits on a form similar to Exhibit 1 must be produced at the final pretrial conference.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)

      2.      <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

           (State in detail all uncontroverted facts.)

      3.      <u>Controverted Facts and Unresolved Issues</u>:   The factual issues remaining to be determined and issues of law for the Court's determination are:

           (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4.      <u>Witnesses</u>:

    a.      Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

    b.      Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

        (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

        It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5.      <u>Depositions and Other Discovery Documents</u>:

    All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

    (Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6.      <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7.      <u>Prospects of Settlement</u>: The status of settlement negotiations is:

    (Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10.    <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:   At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action.  Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority.

11.    <u>PREPARATION FOR TRIAL</u>:

    A.    Each party shall file the following not later than **three business days** prior to the commencement of the trial:

        i.    Proposed voir dire questions.  The Court will ask basic voir dire questions.  Counsel for the parties will be permitted to question prospective jurors.  Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

        ii.    Trial briefs.

    B.    The parties shall <u>jointly</u> file the following not later than **seven (7) days** prior to the trial:

        i.    Proposed jury instructions.  This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions.  A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov).[1] The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.  Standard instructions may be submitted by number.  Other non-standard instructions shall be submitted in full text, one per page, and include reference to the source of each requested instruction.  Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.

The parties are required to email the joint statement of the case and statement of the elements, joint proposed jury instructions, and joint proposed verdict form(s) in WordPerfect or Word format to Judge Quist's Judicial Assistant, Jane Tepper, at <u>Jane_Tepper@miwd.uscourts.gov</u>.

        ii.    A joint statement of the case and statement of the elements that must be proven by each party.  If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed.  The statement(s) of the case will be read to the prospective jurors during jury selection.  The elements that must be proven by each party will be included in the preliminary jury instructions.

---

[1] The instructions are located within the Electronic Filing section, and you will need to use your E-Filing Login and Password to access them.  Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.

12.     <u>USE OF COURTROOM TECHNOLOGY</u>:   If a party anticipates utilizing courtroom technology during a hearing or trial, the party may familiarize themselves with the evidence presentation system at www.miwd.uscourts.gov/COURTROOM%20TECH/judge_gordon_quist's_courtroom.htm. **The parties must use this technology for a jury trial.** Instructions on how to use the Court's electronic presentation system can be arranged with an e-mail to courttech@miwd.uscourts.gov, or by calling (616) 456-2523, to schedule an appointment.   It is anticipated that the parties will bring their equipment to the courtroom to identify and resolve any technical issues that may arise.


Dated:  June 27, 2018                                    _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE